UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRAIG HILL,

    Plaintiff,

vs.                               Case No. 8:08-CV-00019-JDW-TGW

WINDSOR REDEVELOPMENT
CORPORATION,

    Defendant.
_____/

**BEFORE THE COURT** is Plaintiff's Motion for Entry of Default Final Judgment (Dkt. 16), including the Affidavits of Craig Hill, Emilio DiLorenzo, Michael Efing and Josh Haudboldt regarding damages owed (Dkts. 16-3, 16-4, 16-5, 16-6) and an Affidavit for Reasonable Attorney's Fees (Dkt. 16-2, Ex. 1). Upon consideration, Plaintiff's motion is GRANTED.

*Procedural History*

On January 4, 2008, Plaintiff Craig Hill filed his complaint against Defendant, Windsor Redevelopment Corporation, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) (Dkt. 1). In addition to Hill, Emilio DiLorenzo, Michael Efing and Josh Haudboldt have filed notices of consent to join the action as party plaintiffs pursuant to 29 U.S.C. § 216(b). (Dkts. 2, 9). Defendant was served with the complaint on March 20, 2008, and proof of service was filed with the Court on March 31, 2008. (Dkt. 8). Defendant failed to answer the Complaint or otherwise defend the action. On April 23, 2008, Plaintiff filed a Motion for Clerk's Default against Defendant. (Dkts. 10, 11). On April 24, 2008, the clerk entered the default pursuant to Rule 55(a), Federal Rules Civil Procedure. (Dkt. 12).

*Applicable Standards*

Pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure, the court may enter a default judgment against a party against whom default has been entered. The decision whether to enter default judgment is within the discretion of the court. *DIRECTV v. Huynh*, 318 F. Supp. 2d 1122, 1126-27 (M.D. Ala. 2004) (*citing Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1542 (11th Cir. 1985)). By its default, Defendant is deemed to have admitted the well-pleaded averments in the Complaint, except those as to the amount of damages. Fed. R. Civ. P. 8(d); *Klapprott v. U.S.*, 335 U.S. 601, 624 (1949). A court may enter a default judgment awarding damages without a hearing if the amount of damages is liquidated, is capable of mathematical calculation or is demonstrated by detailed affidavits. *Adolph Coors Co.*, 777 F.2d at 1543. A hearing is not required for a court to enter default judgment, especially when the default judgment is based on the failure of a party to make an appearance. *Solaroll Shade and Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

*Discussion*

By its default, Defendant has admitted the well-pleaded averments in Plaintiff's complaint. Fed. R. Civ. P. 8(d); *Klapprott v. U.S.*, 335 U.S. 601, 624 (1949). For the reasons stated in Plaintiff's motion and the accompanying affidavits, Plaintiff Craig Hill is entitled to an award of $3,528.00 for unpaid and overtime wages and $3,528.00 in liquidated damages pursuant to 29 U.S.C. § 216(b); opt-in Plaintiff Emilio DiLorenzo is entitled to an award of $4,270.20 for unpaid and overtime wages and $4,270.20 in liquidated damages;[1] opt-in Plaintiff Michael Efing is entitled to an award of $12,614.40 for unpaid and overtime wages and $12.614.40 in liquidated damages; and

---

[1] The affidavit of Emilio DiLorenzo contains a miscalculation. According to the affidavit, DiLorenzo is "owed a total of $8,504.40 ($4,270 in unpaid wages + $4,270.20 in liquidated damages." (Dkt. 16-4). However, $4,270.20 multiplied by two equals $8,540.40. Accordingly, DiLorenzo's award will be adjusted upward by $36.00.

opt-in Plaintiff Josh Hauboldt is entitled to an award of $5,552.40 for unpaid and overtime wages and $5,552.40 in liquidated damages. *See Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 69 (11th Cir. 1997) (court may award damages to an employee based on an approximation of unpaid wages due where an employer fails to present evidence of a precise amount of work performed); *Joiner v. City of Macon*, 814 F.2d 1537, 1538-39 (11th Cir. 1987) (liquidated damages in an amount equal to compensatory damages are mandatory in FLSA actions unless defendant proves good faith).

Plaintiff's counsel is entitled to an award of reasonable attorney's fees in the amount of $1,328.00 ($160.00 per hour x 8.3 hours)[2] and costs in the amount of $400.00 (filing and service of process fees).[3] *See Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (11th Cir. 1979) (reasonable attorney's fees are mandatory in FLSA actions); *see also* 28 U.S.C. § 1920.

Accordingly, it is

**ORDERED AND ADJUDGED** that

1) Plaintiff's Motion for Entry of Default Final Judgment (Dkt. 16) is **GRANTED**.

2) Final Default Judgment is entered in favor of Plaintiff and against Defendant Windsor Redevelopment Corporation. The Clerk is directed to enter judgment accordingly.

3) Plaintiff Craig Hill is awarded judgment against Defendant in the amount of

---

[2] The Court finds an hourly rate of $160.00 to be reasonable. *See Dial v. Little Wagon Errand Servs., Inc.*, No. 6:07-cv-1072-Orl-28KRS, 2008 WL 227967, at *4 (M.D. Fla. Jan. 25, 2008); *King v. FSA Network, Inc.*, No. 6:07-cv-78-Orl-JGG, 2007 WL 3072262, at *1, 3-4 (M.D. Fla. Oct. 19, 2007).

[3] Plaintiff's request for costs miscalculates the sum of filing and service of process fees by $10.00 and has been reduced accordingly. (Dkt. 16-2, Ex. 2). In addition, the record reflects that Defendant was served with process twice, on January 17, 2008 and March 20, 2008. (Dkts. 5, 8). While Plaintiff fails to provide an explanation for serving Defendant with process twice, the January 17, 2008 service of process, which was made on the spouse of Defendant's registered agent, is arguably insufficient. *See* Fed. R. Civ. P. 4(h)(2); *Hutchkins v. Advance Construction Servs.*, No. 3:04-CV-835-F(WO), 2005 WL 2002078, at * 8 (M.D. Ala. Aug. 17, 2005). In any event, Plaintiff's motions for clerk's default and for entry of default final judgment rely on March 20, 2008 as the date of service. (Dkts. 10, 11, 16). Accordingly, Plaintiff's costs will be further reduced by $55.00, the fee which corresponds with the January 17, 2008 service of process. (Dkt. 16-2).

$3,528.00 in unpaid and overtime wages, $3,528.00 in liquidated damages, $1,328.00 in attorney's fees, and $400.00 in costs; opt-in Plaintiff Emilio DiLorenzo is awarded judgment against Defendant in the amount of $4,270.20 in unpaid and overtime wages and $4,270.20 in liquidated damages; opt-in Plaintiff Michael Efing is awarded judgment against Defendant in the amount of $12,614.40 in unpaid and overtime wages and $12,614.40 in liquidated damages; and opt-in Plaintiff Josh Hauboldt is awarded judgment against Defendant in the amount of $5,552.40 in unpaid and overtime wages and $5,552.40 in liquidated damages, for a total of $53,658.00 for which let execution issue.

4)   All pending motions are **DENIED** as moot.

5)   The Clerk is directed to close this case.

**DONE AND ORDERED** in chambers this _12th_ day of June, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of record